COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Clements and Agee
Argued at Argued at Salem, Virginia


DENNY R. MAGGARD
                                        MEMORANDUM OPINION* BY
v.    Record No. 3001-00-3              JUDGE G. STEVEN AGEE
                                             JULY 3, 2001
WESTMORELAND COAL COMPANY


             FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

             P. Heith Reynolds (Wolfe, Farmer, Williams &
             Rutherford, on brief), for appellant.

             Lisa Frisina Clement (Michael F. Blair;
             (PennStuart, on brief), for appellee.


     On this appeal, Denny R. Maggard (the claimant) appeals the

decision of the Virginia Workers' Compensation Commission (the

commission) that his claim for benefits, based on a change in

condition, is barred by the statute of limitations in Code

§ 65.2-708.  The claimant contends that the commission erred in

finding that his claim, received by the commission after the

twenty-four month statute of limitations had run, was not shown

to have been mailed via certified mail on October 13, 1998, the

last day within the requisite time period.  We conclude that the

commission's finding is supported by credible evidence, and we

affirm the decision.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

BACKGROUND

The claimant sustained a back injury on November 15, 1991 while working for Westmoreland Coal Company (the employer). The claimant filed a claim under the Workers' Compensation Act that was accepted by the employer, and based upon a Memorandum of Agreement, the commission entered an award on December 31, 1991.

From 1992 through October 12, 1996, the parties executed supplemental agreements and findings of fact as the claimant's condition permitted or prevented him from working. When the claimant was able to work his benefits were suspended, and when the claimant was unable to work total disability benefits were reinstated. Compensation benefits were last paid to the claimant on October 11, 1996, permitting the claimant to make any additional claims up until October 11, 1998. October 11, 1998, however, fell on a weekend, and the tolling date was statutorily extended to October 13, 1998 by Code § 1-13.3:1.

On October 16, 1998, the commission received, via the United States Postal Service (USPS), the claimant's claim for benefits due to a change in condition. The requisite papers for the claim were in an envelope postmarked October 13, 1998, with a certified mail sticker. The postmark on the envelope was created by a postage meter at the office of claimant's counsel, not the USPS.

The employer argued the statute of limitations barred consideration of the claim. The claimant contended, however,

-

that his claim was in fact filed on the last permissible day and thus was not time barred.  Since the commission received the claim after the statute of limitations had run, the claimant was required to prove the claim was in fact sent via certified mail on October 13, 1998.

In an attempt to meet this burden placed upon him, the claimant submitted the affidavit of C. Scott Stine (Stine), employed as the temporary postmaster at the United States Post Office in Norton, Virginia.  In the affidavit, Stine stated:

> To the best of my knowledge as Officer In Charge at the Norton Post Office based on the 3811 [the green card denoting certified mail] and the postmarked envelope the piece of mail was posted on 10/13/98 . . . through certified mail at the United States Post Office at Norton, VA 24273.

However, at a subsequent deposition, Stine testified that the green card would not reflect the date that the piece of mail was actually deposited at the post office.

Stine's testimony was limited to a general description of normal post office operating procedure because he was not yet employed at the Norton post office on October 13, 1998.  He further testified that USPS personnel normally check the private meter dates to validate the meter date as the date of actual receipt by the USPS.  If the date is incorrect, the mail is re-postmarked to reflect the date it was actually received by the post office.  Otherwise, a second postmark is not applied.

-

Stine also testified that the post office is not one hundred percent accurate due to human error. The only way to know for certain the exact date the post office received the specific piece of mail was to examine the white certification receipt for certified mail. The claimant did not submit the white certification receipt into evidence, explain its absence or provide testimony as to when the envelope containing the claim was actually delivered to the post office.

Without the white receipt or other positive verification that the claim was actually posted at a post office on October 13, 1998, the commission found that it could not find as a fact that the claim was posted as certified mail on October 13, 1998. It therefore ruled that the filing occurred when the commission received it on October 16, 1998, more than twenty-four months after the claimant last received benefits.

ANALYSIS

The claim filed by the claimant, and received by the commission on October 16, 1998, was based on a change in his condition under Code § 65.2-708, which provides in pertinent part:

> A. Upon . . . the application of any party in interest, on the ground of a change in condition, the Commission may review any award . . . . No such review shall be made after twenty-four months from the last day for which compensation was paid, pursuant to an award under this title . . . .

-

Pursuant to Code § 65.2-101, a claim is considered filed when it is

> hand delivered to the Commission's office in
> Richmond or any regional office maintained
> by the Commission; sent by telegraph,
> electronic mail or facsimile transmission;
> or posted at any post office of the United
> States Postal Service by certified or
> registered mail.  Filing by first-class
> mail, telegraph, electronic mail or
> facsimile transmission shall be deemed
> completed only when the application actually
> reaches a Commission office.

It is the claimant's contention that he complied with these statutory provisions by posting his claim at the post office in Norton, by certified mail, on October 13, 1998.  He asks this Court to hold that the commission erred in finding that the filing date was October 16, 1998.

The principle is well established that "[t]he commission's findings of fact are conclusive and binding on us when there is credible evidence in support of such findings."  Island Creek Coal Co. v. Breeding, 6 Va. App. 1, 12, 365 S.E.2d 782, 788 (1988).  Equally well established is our obligation on appeal to "review the evidence in the light most favorable to the prevailing party [before the commission]."  R.G. Moore Building Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  Unless we can say as a matter of law that the claimant's evidence proved that he filed a timely claim with the commission, the commission's findings are binding and conclusive

-

upon us.  See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

Upon a review of the evidence, we cannot say as a matter of law that the claim was filed on October 13, 1998.  The commission's finding that the evidence did not confirm the claimant's contention that his claim was mailed from the Norton post office on October 13, 1998 via certified mail is credibly supported by the record.  The claimant did not present the white certified mail receipt that would prove the date on which the post office received the mailing; and he did not present testimony by anyone as to when, in fact, the mailing was delivered to the post office.

The claimant's evidence is a private postmark dated October 13, 1998, which was not re-postmarked by the post office, and the testimony of Stine, who did not work on October 13, 1998, and had not yet started his duties at the Norton post office. Stine's testimony was limited to the normal and general operating procedures of the postal service in regards to handling certified mail.  This evidence is further limited by Stine's testimony that human error does affect normal operating procedure and the only way to absolutely know when the post office received a mailing to be posted as certified mail is to check the white receipt stamped by the post office when the mail is delivered to the post office.

-

We cannot say the commission is plainly wrong.  To hold that the commission erred we would have to assume, without evidence, that the claimant or his agent presented the claim as certified mail to the post office on October 13, 1998 and that the post office ran according to normal operating procedure on October 13, 1998, as to all pieces of mail received that day.  Without evidence in the record on these points, we cannot say the commission erred in finding the claimant failed to establish that the claim was filed within the statute of limitations.

Accordingly, the decision of the commission is affirmed.

<u>Affirmed.</u>